**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**UNITED STATES OF AMERICA**                     **CRIMINAL ACTION NO.**

**VERSUS**                                                   **23-51-SDD-EWD**

**EZRA P. WEST**

**ORDER**

This matter is before the Court on a *Motion for Reduction of Sentence/Compassionate Release Pursuant to* 18 U.S.C. § 3582(c)(1)(A) ("Motion") filed by Defendant, Ezra P. West ("Defendant").[1] The Government opposes this Motion,[2] and Defendant filed a Reply.[3] Because Defendant failed to exhaust administrative remedies prior to filing the Motion, it is denied.

The Government asserts that the Defendant has failed to exhaust his administrative remedies. As such, the threshold issue is whether the Court has authority to consider the Defendant's motion.

The compassionate release statute states in pertinent part:

> The court may not modify a term of imprisonment once it has been imposed except that ... the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that ... extraordinary and compelling reasons warrant such a reduction ....[4]

---

[1] R. Doc. 42.
[2] R. Doc. 44.
[3] R. Doc. 46. Though classified as a letter, this is in effect Defendant's Reply.
[4] 18 U.S.C. § 3582(c)(1)(A)(i).

The statute therefore provides two routes whereby a defendant's motion can be brought properly before the court. Both routes begin with the defendant requesting that "the Bureau of Prisons" "bring a motion on the defendant's behalf."[5]

As clarified by the Court in *United States v. Franco*,[6] the statute's language is mandatory. Congress has commanded that a "court *may not* modify a term of imprisonment" if a defendant has not filed a request with the BOP.[7]

The Government represents in its opposition that the BOP advised that Defendant did not submit a request for compassionate release to the Warden and supports this assertion with an email from the BOP indicating Defendant filed no such requests.[8] In response, Defendant argues, without producing any evidence, that he did submit the request.[9] Administrative remedies must be exhausted *prior to* the filing of each motion seeking compassionate release, and it is the defendant's burden to demonstrate he exhausted administrative remedies with respect to the particular requests made in the motion seeking compassionate release.[10] Defendant has not included sufficient information for this Court to determine he exhausted administrative remedies with respect to the requests made in the instant Motion prior to the filing of this Motion, so Defendant has not carried his burden in demonstrating he properly satisfied the exhaustion requirement of § 3582(c)(1)(A).

_____

[5] *Id.*

[6] No. 20-60473, 2020 WL 5249369, at *1 (5th Cir. Sept. 3, 2020).

[7] *See* 18 U.S.C.§ 3582(c) (emphasis added).

[8] R. Docs. 44 & 44-1.

[9] R. Doc. 46.

[10] *See United States v. Ezukanma*, No. 15-254, 2021 WL 389827, at *2 (N.D. Tex. Feb. 4, 2021) (though defendant exhausted administrative remedies prior to filing his first motion for compassionate release, he "was required to exhaust his administrative remedies prior to submitting the [second] motion as well.").

Accordingly,

**IT IS ORDERED** that the Defendant's Motion for Compassionate Release[11] is **DENIED WITHOUT PREJUDICE** for lack of jurisdiction, subject to refiling if Defendant exhausts his administrative remedies as required by 18 U.S.C. § 3582(c)(1)(A).

Signed in Baton Rouge, Louisiana, on <u>March 19, 2026</u>.

**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[11] R. Doc. 42.